IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | | |
|---|---|---|
| KEITH JONSSON, an individual;<br>MICHAEL JONSSON, an individual;<br>CEDAR VALLEY FUR FARM, LLC,<br>a Utah limited liability company;<br>KENT GRIFFETH, an individual,<br>MOUNT SMART ENTERPRISES,<br>LLC, an Idaho limited liability<br>company and ROGER GRIFFETH, an<br>individual,<br><br>           Plaintiffs,<br><br>vs.<br><br>NATIONAL FEEDS, INC., an Ohio<br>corporation; and RANGEN, INC., an<br>Idaho corporation,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No.  2:11-CV-00140BSJ<br><br>**MEMORANDUM OPINION<br>& ORDER**<br>**(Fed. R. Civ. P. 12(b)(1) & (2))** |

Civil No.  2:11-CV-00140BSJ

**MEMORANDUM OPINION
& ORDER**
**(Fed. R. Civ. P. 12(b)(1) & (2))**

```
                    FILED
         CLERK, U.S. DISTRICT COURT
         February 9, 2012 (12:30pm)
              DISTRICT OF UTAH
```

* * * * * * * * *

On February 4, 2011, the plaintiffs filed their Complaint commencing the above-

entitled action, invoking the diversity jurisdiction of this court pursuant to 28 U.S.C. §

1332(a)(1) (2006 ed.).[1]

---

[1]28 U.S.C. § 1332(a)(1) provides:

(a) The district courts shall have original jurisdiction of all civil actions
where the matter in controversy exceeds the sum or value of $75,000,
exclusive of interest and costs, and is between—
(1) citizens of different States; . . .

As pleaded in the Complaint, plaintiffs Keith Jonsson, Michael Jonsson and Cedar Valley Fur Farm, LLC appear to be citizens of the State of Utah, while plaintiffs Kent Griffeth, Roger Griffeth, and Mount Smart Enterprises, LLC (an Idaho limited liability company owned by Kent Griffeth), are citizens of the State of Idaho.  Defendant National Feeds, Inc. is alleged to be an Ohio corporation with its principal place of business in the State of Ohio, and the amount in controversy was alleged to exceed $75,000, exclusive of interest and costs, thus satisfying the requirements of § 1332(a)(1).

On August 2, 2011, with leave of the court, the plaintiffs filed an Amended Complaint which, *inter alia*, added Rangen, Inc., an Idaho corporation with its principal place of business in the State of Idaho, as a second defendant.  Rangen in turn filed a "Special Appearance and Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction" under Fed. R. Civ. P. 12(b)(1) & (2) (dkt. no. 35),[2] asserting that plaintiffs' Amended Complaint fails to plead facts satisfying the requirements of § 1332(a)(1) for

---

[2]As the court of appeals explained more than a half-century ago, "Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that: 'No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.'  That rule abolishes the distinction between general and special appearances."  *Investors Royalty Co. v. Mkt. Trend Survey*, 206 F.2d 108, 111 (10th Cir. 1953); *accord* 27A Fed. Proc. L. Ed. *Pleadings and Motions* § 62:189, at 25 (2008) ("Fed. R. Civ. P. 12 consolidates all pretrial defenses and objections, and special appearances are no longer necessary to challenge jurisdiction, process, or venue, as was required under the pre-Fed. R. Civ. P. practice." (footnotes omitted)); 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1344, at 28-29 (3d ed. 2004) ("As many judicial opinions have made clear, it no longer is necessary to appear specially or employ any particular set of words to challenge a federal court's personal jurisdiction, venue or service of process.").

diversity jurisdiction over Rangen or establishing a basis for personal jurisdiction over Rangen in this District.[3]

## DIVERSITY JURISDICTION IN THIS ACTION

Rangen correctly insists that the party invoking the jurisdiction of a federal court bears the burden of proof as to the jurisdictional requisites, *see, e.g., Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974),[4] and that "[w]hen a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (emphasis in original; footnote omitted).[5]  "A case falls within the federal district

---

[3](*See* Defendant Rangen, Inc.'s Memorandum in Support of its Special Appearance and Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, filed August 30, 2011 (dkt. no. 36) ("Rangen Mem."), at 2.)

[4]"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[5]As the Court pointed out in *Newman-Green*, "This complete diversity requirement is based on the diversity statute, not Article III of the Constitution."  *Id.* at 829 n.1 (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967)).  The diversity statute and its predecessors

> have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff.  Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity.  Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this

(continued...)

-3-

court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990)). "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

As Rangen submits, the plaintiffs also bear the burden to establish personal jurisdiction over each defendant. *See Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

"The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green*, 490 U.S. at 430 (citing *Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957)). A plaintiff "'must allege in his pleading the facts essential to show diversity jurisdiction,'" *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)), for "[i]f he fails to make the necessary allegations he

---

[5](...continued)
subsequent history clearly demonstrates a congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-75 (1978) (footnotes omitted); *see also* Richard H. Fallon, Daniel J. Meltzer, & David L. Shapiro, *Hart and Wechsler's The Federal Courts and the Federal System* 1528 (4th ed. 1996).

has no standing" to invoke the court's diversity jurisdiction.  *McNutt*, 298 U.S. at 189; *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.) (holding that the requisite amount in controversy and the existence of diversity must be affirmatively established in the pleading of the party seeking to invoke jurisdiction), *cert. denied*, 516 U.S. 863 (1995).

"For purposes of diversity, these facts are that 'the matter in controversy exceeds the sum or value of [$75,000] . . . and is between . . . citizens of different States.'"  *United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting 28 U.S.C. § 1332(a)).  With regard to the citizenship of individual parties, by themselves "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."  *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).  "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."  *Newman-Green*, 490 U.S. at 828 (citing *Robertson v. Cease*, 97 U.S. 646, 648-49 (1878); *Brown v. Keene*, 33 U.S. (8 Pet.) 112, 115 (1834)).  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1187–90 (2010).[6]

---

[6]The *Hertz* Court recently clarified that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the

(continued...)

Both the plaintiffs' original Complaint and the Amended Complaint recite that the Jonsson plaintiffs "reside" in Utah and that the Griffeth plaintiffs "reside" in Idaho,[7] and that the defendants National Feeds and Rangen are Ohio and Idaho corporations, respectively, with their principal places of business in Ohio (National Feeds) and Idaho (Rangen).  While allegations of residence alone do not suffice to establish citizenship for purposes of diversity, other factual allegations in the pleadings suggest that the Jonsson

---

[6](...continued)
corporation's activities," that is, what is commonly referred to as the corporation's "nerve center." 130 S.Ct. at 1192.

[7]Two of the named plaintiffs (Cedar Valley Fur Farm, LLC and Mount Smart Enterprises, LLC) are alleged to be Utah and Idaho limited liability companies, respectively.  As another court has recently observed,

> Although the Supreme Court and the Tenth Circuit have not spoken specifically on the issue of citizenship of LLCs, the consensus in this District and throughout the circuits is that an LLC, much like a partnership, is deemed to be a citizen of all of the states of which its members are citizens.

*Jestibo, LLC v. Cellairis Franchise, Inc.*, Civil No. 11-cv-01973-PAB,  2011 WL 3300668, at *2 (D. Colo., Aug. 2, 2011); *Hale v. MasterSoft Intern. Pty. Ltd.*, 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000) (same);  *see* 1 Fed. Proc. L. Ed. *Access to District Courts* § 1:176, at 222 (2002) (stating that "a limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens" (footnote omitted)); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that "a limited liability company has the citizenship of each of its members"), and cases cited therein; *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (same); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (same); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989 (7th Cir. 2007) (same); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006) (same); *cf. Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) (citizenship of limited partnership); *Jett v. Phillips and Assocs.*, 439 F.2d 987, 990 (10th Cir. 1971) ("citizenship of unincorporated association is the citizenship of the individual members of the association").

-6-

plaintiffs are Utah domiciliaries and that the Griffeth plaintiffs are Idaho domiciliaries, and those inferences as to domicile do not appear to be in genuine dispute.

At the time the original Complaint was filed in this case, plaintiffs, who are citizens of Utah and Idaho, respectively, sued National Feeds, an Ohio citizen, and thus complete diversity existed between the parties.

Jurisdictional doubts arise from the subsequent filing of the Amended Complaint, with its joinder of Rangen—a corporate citizen of Idaho—as a party defendant. Rangen moves for its dismissal from this action because diversity is lacking between itself and the Griffeth plaintiffs, who are also Idaho citizens.

Plaintiffs respond that Rangen's joinder is not a fatal jurisdictional defect, relying upon "the well established rule that diversity of citizenship is assessed at the time the action is filed," and "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537 (1824); *Clarke v. Mathewson*, 37 U.S. (12 Pet.) 164, 171 (1838); *Wichita R.R. & Light Co. v. Public Util. Comm'n of Kan.*, 260 U.S. 48, 54 (1922)).[8] "Diversity

---

[8]As Justice Ginsburg explains,

Chief Justice Marshall, in a pathmarking 1824 opinion, *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L. Ed. 154, instructed "that the jurisdiction of the court depends upon the state of things at the time of the action brought, and that, after vesting, it cannot be ousted by subsequent events." He did not

(continued...)

jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action," at least where that nondiverse party "was not an 'indispensable' party at the time the complaint was filed."  *Id.*  Plaintiffs argue that "Rangen was not indispensable to this action at the time it commenced,"[9] and that subsequently adding Rangen as a defendant

---

[8](...continued)
extract this practical time-of-filing rule from any constitutional or statutory text.  In contrast, 18 years earlier, Marshall had derived the complete-diversity rule from the text of the 1789 Judiciary Act, and so stated in *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L. Ed. 435 (1806).

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 583 (2004) (Ginsburg, J., dissenting); *see* 13E Charles A. Wright, Arthur R. Miller, & Edward Cooper, *Federal Practice and Procedure* § 3608, at 363 (3d ed. 2009) (stating that the time-of-filing rule "represents a policy decision 'that the sufficiency of jurisdiction should be determined once and for all at the threshold and if found to be present then should continue until final disposition of the action.'" (quoting *Dery v. Wyer*, 265 F.2d 804, 808 (2d Cir. 1959))).

[9]*See* Fed. R. Civ. P. 19(a)(1):

*(1) Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

by amending their pleadings does not divest this court of subject matter jurisdiction.[10]  *See*

*Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003)

(holding that post-filing joinder of dispensable nondiverse party did not defeat diversity

jurisdiction); *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1367 (10th Cir. 1982)

(stating that diversity jurisdiction is not lost by the intervention of a dispensable

nondiverse party); *Am. Nat'l Bank & Trust Co. v. Bailey*, 750 F.2d 577, 582 (7th Cir.

1984) (intervention by nondiverse party "will not deprive the court of jurisdiction unless

the intervenor was an indispensable party when the complaint was filed").[11]

      Rangen replies that courts have applied *Freeport-McMoRan*'s exception to

complete diversity only in limited situations where the later-joined, non-diverse party is

an intervenor or is substituted for an existing party under Fed. R. Civ. P. 25, such as *Salt*

*Lake Tribune Pub. Co., LLC v. AT & T Corp.*, which upheld the district court's post-filing

joinder of a dispensable nondiverse party pursuant to Fed. R. Civ. P. 25(c) because of a

transfer of interest by an existing party.  320 F.3d at 1095-98; *see American Fiber &*

---

[10](Memorandum in Opposition to Motion to Dismiss, filed August 31, 2011 (dkt. no. 37) "Pltfs' Mem."), at 4-5.)

[11]"If diversity existed between the parties when the action was filed, it is not defeated because one of the parties later becomes a citizen of the same state as his opponent.  Nor will a change of parties, by intervention or substitution, divest the jurisdiction of the federal court."  Charles A. Wright & Mary K. Kane, *Law of Federal Courts* § 28, at 173 (6th ed. 2002) (footnotes omitted).  Yet "[t]hese principles apply only when the nature of the action remains the same.  If the change in parties reflects a change in the nature of the action, the test of diversity must be met with regard to the parties to the altered action."  *Id.* at 173-74 (footnote omitted).

*Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136, (1st Cir. 2004) (stating "we join several other courts of appeals that have read *Freeport* narrowly and restricted its precedential force to the precincts patrolled by Rule 25" (citations omitted)); *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 480 (D.C. Cir. 1996) (explaining that *Freeport-McMoRan* "establishes that the addition of a non-diverse party pursuant to Rule 25(c) generally does not deprive the District Court of subject matter jurisdiction"); 6 James Wm. Moore, *Moore's Federal Practice*, § 25.33[1] (3rd ed. rev. 2011). Rangen argues that plaintiffs' broader reading of *Freeport-McMoRan* would "eviscerate" the complete diversity requirement and "allow plaintiffs to manipulate subject matter jurisdiction by filing a complaint against a diverse defendant, then joining non-diverse parties once the action has commenced";[12] "Congress' requirement of complete diversity would thus have been evaded completely." *Kroger*, 437 U.S. at 375 (holding that a plaintiff may not bypass the complete diversity requirement by suing only diverse defendants and waiting for them to implead the non-diverse defendants); *see Estate of Alvarez v. Donaldson Co.*, 213 F.3d 993, 995 (7th Cir. 2000) (rejecting plaintiff's contention that an amended complaint adding nondiverse defendants did not divest the district court of diversity jurisdiction and noting that *Freeport-McMoRan* is limited to the substitution of parties

---

[12](Reply Memorandum in Support of Rangen, Inc.'s Motion to Dismiss, filed September 14, 2011 (dkt. no. 42), at 3-4.) Others share Rangen's skepticism. *See, e.g.*, David Hittner, *Federal Civil Procedure Before Trial, 5th Circuit Edition* ¶ 2:379.1 (1996) ("[i]t is doubtful that this broad statement [in *Freeport-McMoRan*] applies to defendants newly joined by plaintiff").

-10-

pursuant to Rule 25); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 861 (11th Cir. 1998)

("*Freeport-McMoRan* does not stand for the proposition that all additions of nondiverse

parties are permissible as long as complete diversity existed at the time of commencement

of the lawsuit."); *cf.* 13E Charles A. Wright, Arthur R. Miller & Edward H. Cooper,

*Federal Practice and Procedure* § 3608, at 368-69 (3d ed. 2009) (explaining that "parties

that are joined under Rules 19 and 20 . . . must independently satisfy the basic

jurisdictional requirements for diversity cases").

      Although it appears the Tenth Circuit has not directly addressed this question since

*Salt Lake Tribune*, other circuits have concluded that it makes no sense to construe

*Freeport-McMoRan* to allow a plaintiff to circumvent the complete diversity requirement

simply by suing one or more diverse joint tortfeasors and then adding by an amended

complaint any and all non-diverse joint tortfeasors.  *See, e.g.*, *Martinez v. Duke Energy

Corp.*, 130 Fed. Appx. 629, 634-35 (4th Cir. 2005) (citing *Kroger*).  At least two other

courts have reached a similar conclusion where, as here, a plaintiff has introduced a

non-diverse defendant to an action by amending his or her complaint under Rule 15(a).

*See Alvarez*, 213 F.3d at 995-96 (holding that the introduction of new nondiverse parties

destroyed the federal court's diversity jurisdiction and noting that *Freeport-McMoRan* is

limited to the substitution of parties pursuant to Rule 25); *Ingram*, 146 F.3d at 861-62

(similar).

      In *Owen Equipment & Erection Company v. Kroger*, after a diverse defendant filed

-11-

a third-party complaint against a nondiverse third-party defendant, the plaintiff amended

its complaint in order to also assert a direct claim against the nondiverse third-party

defendant.  The Supreme Court held that this post-filing joinder destroyed complete

diversity because otherwise, the "plaintiff could defeat the statutory requirement of

complete diversity by the simple expedient of suing only those defendants who were of

diverse citizenship and waiting for them to implead nondiverse defendants."  437 U.S. at

374.

> [I]t is clear that the respondent could not originally have brought suit in
> federal court naming Owen and OPPD as codefendants, since citizens of
> Iowa would have been on both sides of the litigation.  Yet the identical
> lawsuit resulted when she amended her complaint.  Complete diversity was
> destroyed just as surely as if she had sued Owen initially.  In either
> situation, in the plain language of the statute, the "matter in controversy"
> could not be "between . . . citizens of different States."

*Id.*  "To allow the requirement of complete diversity to be circumvented as it was in this

case would simply flout the congressional command."  *Id.* at 377.[13]

_____

[13]The *Kroger* Court echoed the view expressed two years earlier in *Aldinger v.
Howard*, 427 U.S. 1, 14-15 (1976):

> it is quite another thing to permit a plaintiff, who has asserted a claim
> against one defendant with respect to which there is federal jurisdiction, to
> join an entirely different defendant on the basis of a state-law claim over
> which there is no independent basis of federal jurisdiction, simply because
> his claim against the first defendant and his claim against the second
> defendant 'derive from a common nucleus of operative fact.' . . . True, the
> same considerations of judicial economy would be served insofar as
> plaintiff's claims 'are such that he would ordinarily be expected to try them
> all in one judicial proceeding . . . .'  But the addition of a completely new

(continued...)

-12-

*Freeport-McMoRan* was decided thirteen years later, and although it carved out an exception to complete diversity for dispensable nondiverse parties subsequently added through substitution under Rule 25, it did not weaken *Kroger*'s overall reading of the statute: "the diversity requirement in § 1332(a) require[s] complete diversity; absent complete diversity, the district court lack[s] original jurisdiction over all the claims in the action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 556 (2005) (citing *Kroger*, 437 U.S. at 373-74, and *Strawbridge*, 7 U.S. (3 Cranch) at 267-68).[14]

Here, as in *Kroger*, the Griffeth plaintiffs could not originally have brought suit in federal court naming National Feed and Rangen as codefendants, since citizens of Idaho would have been on both sides of the litigation. Yet the identical lawsuit resulted when they amended their complaint against National Feed to add Rangen as a defendant.[15]

---

[13](...continued)
party would run counter to the well-established principle that federal courts, as opposed to state trial courts of  general jurisdiction, are courts of limited jurisdiction marked out by Congress.

[14]The Court

has adhered to the complete diversity rule in light of the purpose of the diversity requirement, which is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action.

*Exxon Mobil*, 545 U.S. at 553-54.

[15]In contrast to *Salt Lake Tribune*, Rangen was not joined as a nondiverse

(continued...)

-13-

"Complete diversity was destroyed just as surely as if [the Griffeths] had sued [Rangen] initially," contrary to the "congressional mandate that diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Kroger*, 437 U.S. at 374.

### SUPPLEMENTAL JURISDICTION & SEVERANCE

At the September 27, 2011 hearing on Rangen's motion to dismiss, this court queried counsel as to whether the plaintiffs' claims against Rangen come within the supplemental jurisdiction of the court.  28 U.S.C. § 1367 reads in pertinent part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.[16]

---

[15](...continued)
transferee of an existing diverse party.

[16]Section 1367 was added by the Judicial Improvements Act of 1990, Pub. L. 101-650, Title III, § 310(a), 104 Stat. 5089, 5113, *codified at* 28 U.S.C. § 1367 (2006 ed.).  As one court observed, "Congress has since codified *Owen Equipment*'s holding,

(continued...)

-14-

As an alternative to dismissing Rangen from the action altogether, the court raised the possibility of severing the nondiverse parties and claims from those as to which diversity jurisdiction had existed from the outset, and requested that the parties submit supplemental memoranda addressing these questions.  (*See* Minute Entry, dated September 27, 2011 (dkt. no. 46).)

Rangen responded  that § 1367 retains the traditional complete diversity requirement under § 1332 and that exercising supplemental jurisdiction over the Griffeth plaintiffs' claims in this case would be inconsistent with that requirement; the statute "'does not authorize a federal court to exercise diversity jurisdiction where complete diversity is lacking.'"[17]  Supplemental jurisdiction "does not extend to additional parties whose presence defeats diversity," and a failure of diversity "eliminates every claim in the action, including any jurisdictionally proper action that might otherwise have anchored original jurisdiction, and removes the civil action from the purview of § 1367 altogether." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 179 (2d Cir. 2007)

_____

[16](...continued)
which disfavored tactics that resulted in an impermissible expansion of federal subject matter jurisdiction in § 1367(b)."  *Siteworks Contracting Corp. v. Western Sur. Co.*, 461 F. Supp. 2d 205, 211 (S.D.N.Y. 2006); *see also* H.R. Rep. No. 101-734, at 29 n.16 (1990), *reprinted in* 1990 U.S. Code Cong. & Admin. N. 6860, 6875 ("The net effect of subsection (b) is to implement the principal rationale of *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978).").

[17](Supplemental Memorandum in Support of Rangen, Inc.'s Motion to Dismiss, filed October 7, 2011 (dkt. no. 44), at 6 (quoting *Friederichs v. Gorz*, 624 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (internal citations omitted)).)

(citing *Exxon Mobil*, 545 U.S. at 562, 564, 566).[18]

Nor can the Griffeth plaintiffs' claims against Rangen merely be severed from those of the Jonsson plaintiffs, Rangen insists, because "the only recognized method of curing a lack of complete diversity is to dismiss a non-diverse party under Rule 21."[19] Rangen argues that "the Tenth Circuit Court of Appeals has held that severing claims—so that parties of the same citizenship are on either side of the action but do not have claims against one another—does not preserve diversity jurisdiction," citing *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219 (10th Cir. 2011).[20]

Plaintiffs' counsel agree that supplemental jurisdiction does not apply to the joinder of Rangen as a defendant, relying instead upon their expansive reading of *Freeport-McMoRan,* which "permits continued jurisdiction in this case, despite the addition of a non-diverse but also dispensable defendant."[21]  Plaintiffs' counsel cite to *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720 (8th Cir. 2001), as a case "in

---

[18]*See Exxon Mobil*, 545 U.S. at 564 (("[T]he presence in the action of a single plaintiff from the same State as a single defendant *deprives the district court of original jurisdiction* over the entire action." (emphasis added)).  Thus, "it is clear that a diversity-destroying party joined after the action is underway may catalyze loss of jurisdiction."  *Merrill-Lynch*, 500 F.3d at 179 (citing *Exxon Mobil*, 545 U.S. at 565).

[19](Supplemental Memorandum in Support of Rangen, Inc.'s Motion to Dismiss, filed October 7, 2011 (dkt. no. 44), at 2 (citing *Newman-Green, Inc.*, 490 U.S. at 832).)

[20](*Id.* at 3.)

[21](Supplemental Memorandum Regarding Rangen's Motion to Dismiss, filed October 11, 2011 (dkt. no.  45), at 2-4.)

-16-

which defendants added a non-diverse party as an additional defendant after the case had started" without divesting the court of jurisdiction.[22]  "The court's only inquiry in that case," plaintiffs assert, was whether the added defendant was indispensable," similar to *Salt Lake Tribune*.[23]

In the alternative, if the court finds "it cannot continue with the case because of lack of full diversity," plaintiffs submit "the solution is to dismiss the Griffeths without prejudice so they can file in Idaho against both National Feeds and Rangen."[24]

Apart from *Salt Lake Tribune*, in which a party's nondiverse transferee was joined pursuant to Rule 25, plaintiffs' counsel cite to no case authority reading *Freeport-McMoRan* to say that a plaintiff may join a nondiverse defendant without defeating diversity jurisdiction under § 1332(a) simply by subsequently amending the complaint.  In fact, the defendants in *Dominium Austin Partners, L.L.C. v. Emerson* had moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(7), asserting that the plaintiffs had *failed to join* an indispensable nondiverse party as a defendant, relying on the exception to *Freeport-McMoRan* that arises "where a nondiverse party must be joined because the party was indispensable at the time the complaint was filed."  248 F.3d at 725.  The Eighth Circuit affirmed the district court's conclusion that the nondiverse non-party was not necessary or

---

[22](*Id.* at 4.)

[23](*Id.* at 5.)

[24](*Id.* at 7.)

-17-

indispensable at the time the action was filed, and thus his existence did not defeat

diversity jurisdiction over the defendants who were joined.  *Id.* at 726.

Nor do the plaintiffs offer any explanation reconciling their reading of *Freeport-*

*McMoRan* with the holding of *Kroger*, or with *Exxon Mobil*'s reiteration that "the

presence in the action of a single plaintiff from the same State as a single defendant

deprives the district court of original jurisdiction over the entire action."  545 U.S. at 553

(citing *Strawbridge* and *Kroger*).

Having reviewed the parties' memoranda and the pertinent authorities, this court

concludes that it lacks both original and supplemental jurisdiction over Rangen because

of the failure of diversity between Rangen and the Griffeth plaintiffs, all citizens of

Idaho.[25]  As the legislative history of § 1367 explains:

---

[25]From the present record, it appears the same state of facts existed at the time of
filing of the above-captioned action, *viz.*, all were Idaho citizens.  In *Grupo Dataflux v.
Atlas Global Group, L.P.*, 541 U.S. 567 (2004), the Court explained that

It has long been the case that "the jurisdiction of the court depends
upon the state of things at the time of the action brought."  *Mollan v.
Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824).  This time-of-filing rule
is hornbook law (quite literally) taught to first-year law students in any
basic course on federal civil procedure.  It measures all challenges to
subject-matter jurisdiction premised upon diversity of citizenship against
the state of facts that existed at the time of filing—whether the challenge be
brought shortly after filing, after the trial, or even for the first time on
appeal. (Challenges to subject-matter jurisdiction can of course be raised at
any time prior to final judgment. *See  Capron v. Van Noorden*, 2 Cranch
126, 2 L.Ed. 229 (1804).)

(continued...)

-18-

> In diversity-only actions the district courts may not hear plaintiffs'
> supplemental claims when exercising supplemental jurisdiction would
> encourage plaintiffs to evade the jurisdictional requirement of 28 U.S.C. §
> 1332 by the simple expedient of naming initially only those defendants
> whose joinder satisfies section 1332's requirements and later adding claims
> not within original federal jurisdiction against other defendants who have
> intervened or been joined on a supplemental basis.  In accord with case law,
> the subsection also prohibits the joinder or intervention of persons or
> plaintiffs if adding them is inconsistent with section 1332's requirements.
> The section is not intended to affect the jurisdictional requirements of 28
> U.S.C. § 1332 in diversity-only class actions . . . .

H.R. Rep. No. 101-734, at 29 (1990), *reprinted in* 1990 U.S. Code Cong. & Admin. N.

6860, 6875.  Joinder of Rangen as a defendant appears to be "inconsistent with section

1332's requirements" as construed in *Kroger* and *Exxon Mobil*.  "Incomplete diversity

destroys original jurisdiction with respect to all claims, so there is nothing to which

supplemental jurisdiction can adhere."  *Exxon Mobil*, 545 U.S. at 554.

        Nor can this court cure the failure of diversity in the plaintiffs' Amended

Complaint by severing nondiverse parties or claims and retaining Rangen as a defendant

---

        [25](...continued)
541 U.S. at 570-71 (footnote omitted) (citing Jack H. Friedenthal, Mary K. Kane &
Arthur R. Miller, *Civil Procedure* 27 (3d ed. 1999); Charles A. Wright & Mary K. Kane,
*Law of Federal Courts* 173 (6th ed. 2002), and 13B Charles A. Wright, Arthur R. Miller,
& Edward H.Cooper, *Federal Practice and Procedure* § 3608, at 452 (2d ed. 1984)).  In
other words, "'jurisdiction depending on the condition of the party is governed by that
condition, as it was at the commencement of the suit.'"  *Id.* at 571 (quoting *Conolly v.
Taylor*, 27 U.S. (2 Pet.) 556, 565 (1829)).
        Thus, it is the *state of the jurisdictional facts* at the time of filing that proves
decisive, not merely the joinder or alignment of parties named in the initial pleadings at
the time of filing.  *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006) (explaining
that "the essence of the time-of-filing rule is that the district court must determine the
jurisdictional facts as they are when the complaint is filed").

to the claims pleaded in this action by the plainly diverse Jonsson plaintiffs.   In

*Ravenswood*, the court of appeals ruled that severance and dismissal of the claims of the

nondiverse parties did not suffice to cure the failure of diversity jurisdiction that resulted

from one plaintiff and one defendant being Nevada citizens at the time of filing:

"Jurisdiction based on diversity does not contemplate diversity of *claims*, but rather

diversity of *parties*."   651 F.3d at 1223 (emphasis in original).   Severance failed because

"[t]he district court did not dismiss any party from the suit and citizens of Nevada

remained on both sides of the case."   *Id.*

> Even if the district court had created three cases by dividing the
> original case, there is no authority for the proposition that creating multiple
> federal actions is a permissible way to cure a jurisdictional defect in a
> diversity case.  The sole recognized exception to the time-of-filing rule is
> when a court completely dismisses from the case a nondiverse party
> pursuant to Rule 21.  *See, e.g.*, *Varley v. Tampax, Inc.*, 855 F.2d 696 (10th
> Cir. 1988) (holding district court abused its discretion in refusing to dismiss
> dispensable nondiverse defendants after summary judgment had been
> granted to diverse defendant); *Miller v. Leavenworth–Jefferson Elec. Coop.,
> Inc.*, 653 F.2d 1378, 1383 (10th Cir. 1981) (affirming Rule 21 dismissal of
> a nondiverse party as proper exercise of district court's discretion),
> *superseded by rule on other grounds as stated in Grantham v. Ohio Cas.
> Co.*, 97 F.3d 434, 435 (10th Cir. 1996); *Jett v. Phillips & Assocs.*, 439 F.2d
> 987, 989–991 (10th Cir. 1971) (same). Attempts to create additional
> exceptions have been rejected. . . .

> It would be contrary to the principles established by the Supreme Court to
> create a new exception to the time-of-filing rule allowing cases to be split
> into multiple federal actions to achieve complete diversity in pieces of the
> litigation over which the court lacked subject matter jurisdiction at the
> outset.  Such an exception would create an end-run around the longstanding
> rule requiring complete diversity at the time of filing.

*Id.* at 1224 (footnote omitted).

Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green*, 490 U.S. at 832 (footnote omitted).[26]  The court of appeals acknowledged this authority in *Ravenswood*: "A district court can dismiss a dispensable nondiverse party pursuant to Rule 21 to cure a jurisdictional defect at any point in the litigation, including after judgment has entered." 651 F.3d at 1223 (citing *Grupo Dataflux v. Atlas Global*

---

[26]Chief Justice Marshall's opinion for the Court in *Carneal v. Banks*, 23 U.S. (10 Wheat.) 181 (1825), dealt with the power of a federal court to dismiss dispensable nondiverse parties.  That case involved a suit by plaintiff Banks against two groups of defendants, the heirs of Harvie and the heirs of Carneal; only the heirs of Carneal had citizenship diverse from that of Banks.  Resolving this jurisdictional defect, the Court concluded that the case "as to Harvie's heirs, may be dismissed, without in any manner affecting the suit against Carneal's heirs.  That they have been improperly made defendants in his bill, cannot affect the jurisdiction of the Court as between those parties who are properly before it." *Id.* at 188.  Similarly, *Horn v. Lockhart*, 84 U.S. (17 Wall.) 570 (1873), approved a federal court's dismissal of dispensable nondiverse parties to preserve diversity jurisdiction over the remaining parties: "[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *Id.* at 579.

More recently, the Court in *Newman-Green* relied on both of these earlier precedents in concluding that the courts of appeals, like federal district courts, have the power to dismiss dispensable nondiverse parties while retaining diversity jurisdiction over the remaining parties in the case, in contrast to the more drastic remedy of dismissing the entire case for lack of complete diversity.  490 U.S. at 834-38.

*Grp., L.P.*, 541 U.S. at 572, *Newman–Green, Inc.*, 490 U.S. at 832, and *United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir.1995)).

Relying on this Rule 21 authority, Rangen urges that "this Court should dismiss Rangen, the non-diverse defendant in this action."[27]

Nothing in the present record compels the conclusion that Rangen was a necessary or indispensable party to the civil action framed by the plaintiffs' original Complaint. *See, e.g.*, *Salt Lake Tribune*, 320 F.3d at 1096-98; Fed. R. Civ. P. 19(a), (b). Neither the plaintiffs nor Rangen argue otherwise.[28]

The court concludes that in the context of the above-captioned action, Rangen is both nondiverse and dispensable, and this court may exercise original diversity jurisdiction under § 1332(a) in this case absent this nondiverse and dispensable defendant.

**CONCLUSION**

In amending the Complaint, the plaintiffs added new claims against a new defendant—a party as to which the Griffeth plaintiffs were and are nondiverse. As to the Griffeth plaintiffs' claims against Rangen, the case is "one in which the core of the dispute always was, and remains, a controversy between non-diverse parties." *National Westminster Bank, PLC v. Grant Prideco, Inc.*, 343 F.Supp. 2d 256, 259 (S.D.N.Y. 2004).

---

[27](Supplemental Memorandum in Support of Rangen, Inc.'s Motion to Dismiss, filed October 7, 2011 (dkt. no. 44), at 5.)

[28](*See* Pltfs' Mem. at 4-5.)

-22-

This court concludes that Rangen's point is well-taken,[29] and pursuant to Fed. R. Civ. P. 21,

**IT IS ORDERED** that defendant Rangen, Inc.'s Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction under Fed. R. Civ. P. 12(b)(1) & (2) (dkt. no. 35), is hereby GRANTED IN PART, and plaintiffs' claims against Rangen, Inc. are DISMISSED for lack of subject matter jurisdiction; the balance of Rangen, Inc.'s motion is DENIED AS MOOT.

DATED this 9th day of February, 2012.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge

---

[29]The dismissal of Rangen from this action for lack of subject matter jurisdiction obviates the need to address its assertion that this court lacks personal jurisdiction over the Jonsson plaintiffs' claims against Rangen because Rangen lacks the requisite minimum contacts with this District needed to satisfy the requirements of Due Process. *See J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787 (2011) ("A court may subject a defendant to judgment only when the defendant has sufficient contacts with the sovereign 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

-23-